3-24-0-2-2-5 Municipal Trust & Savings Bank, Applee v. Dennis J. Moriarty, Appellant Okay, Counsel, you may proceed. Good morning, Your Honor. Michael Haberle. I'm Counsel for Appellant Dennis Moriarty. I have the pleasure of representing Dennis Moriarty today. May I proceed with my argument? Yes, please. Mr. Moriarty is here because the Appellee Municipal Bank did not properly serve Mr. Moriarty in a foreclosure it filed in 2016, and it proceeded to sell the property at a foreclosure sale despite this defect, which defect was visible from the record in this case. Now, we're not really here about that because the Illinois Supreme Court has already decided that the Illinois Supreme Court has already taken this case up once and found that there was defective service in this case, that Mr. Moriarty was not properly served. There was no jurisdiction over him until he appeared at the judgment or at the confirmation of sale. So, the court had jurisdiction when he showed up the courtroom, right? Correct. And what the Supreme Court found, and this is paragraph 25 of the Supreme Court's decision, is that he waived jurisdiction prospectively only. So, the court had jurisdiction on the confirmation of sale, but that did not vitiate any of the prior orders of the court. There was no jurisdiction for the prior orders. And on remand, that's what the court found. There's no dispute about that, that we have, in fact, the findings, everyone agreed what the Supreme Court's decision means, is that all orders before the confirmation of sale are void. And I want to just emphasize that point, is there is no judgment against Mr. Moriarty. The judgment of foreclosure and sale was one of the orders that was voided by the court. So, there's no judgment against my client. All those orders were voided by Judge Nicholson at the October 21st hearing in the case. And what Judge Nicholson said was, I believe that does leave the order confirming sale as something to be litigated here. And the order confirming sale is a voidable judgment because the court had jurisdiction over Mr. Moriarty at that time. So, we're sitting here then with a voidable judgment on the order confirming sale and no actual judgment against my client, no finding of liability against my client, no finding of anything. That was void. What did Judge Nicholson decide at that hearing on confirmation of sale? Judge Nicholson found that that order was voidable and that further proceedings would be had on that. So, the judge did not make a further decision on that. That's why the case proceeded. And first, essentially, the 1401 continued. And that's why municipal filed a motion to dismiss on the 1401, which Judge Cramer decided in June of 2022. And what Judge Cramer decided, as Judge Cramer found that the order confirming sale was predicated on orders that have now been vacated for a lack of personal jurisdiction, and Judge Cramer found it was a proper subject for a 21401 petition, Judge Cramer denied the motion to dismiss and again confirmed that the order confirming sale was voidable. So, in other words, he passed it around. I mean, what was that hearing all about? That was on the motion to dismiss the 1401. Which, you know, nobody wants to decide the 1401 at this point, right? Nobody has decided the 1401. And that's the issue. And so, we have, you know, after that motion, Judge Cramer denies the motion to dismiss the 1401. Municipal files another 1401, another motion to dismiss the 1401. So, this is a subsequent motion to dismiss after their first motion to dismiss has been denied. Passed around again with multiple judges. And then we get to August 7, 2023. And what the court does on August 27, August 7, 2023, is it struck paragraph 27 and a portion of paragraph 28 of the 1401 seeking damages, right? And that's the court's, you know, the basis of the motion to dismiss was, look, you can't seek damages in a motion to 1401 petition. The court agreed to dismiss that. Now, I think it's important, and if you'll indulge me on, I think it's important to read the entirety, the portion of paragraph 28 that was not dismissed of the 1401, in which Mr. Moriarty asked that the court find the default judgment of foreclosure entered January 30, 2017 against Defendant Moriarty and all subsequent orders in the case are void. So, Mr. Moriarty asked the court in his 1401 to find the judgment of foreclosure and all subsequent orders void. The court then, after striking those two paragraphs, asked the parties to brief what issues remained for the court to determine in the case. There was a dispute as to which issues remained, and that was a dispute between the parties. It was something that the court had not decided, and as this undecided issue remained undecided, the court asked for briefing on it rather than deciding it there. So, the court received briefing on that, and the court's order says on that August 7th date that the parties will provide additional briefing about which issues, if any, remain for determination in the 1401 proceeding. Now, I contend, and this is where I'll mix a little of the factual history with my argument in this case, since I think it's a little more sensible to do it that way. There are multiple issues which have not been decided in this case. Now, the first is the basic issue of how can a court enter an order confirming sale, take property from my client without a judgment? The judgment of foreclosure and sale is void. No one's contesting that. No one can contest it. That's a necessary corollary from the Illinois Supreme Court's decision. Municipals not challenge that, and that's none of the many judges who have handled this case have even questioned that. So, there's no dispute. There is no judgment against my client, yet municipal sold his properties at judicial sale and took the proceeds of that without a judgment. They took his property without a judgment. There is no case that says... What about, yeah, they took the fee, but did they get a deficiency? They didn't get a deficiency, but they have the proceeds of the sale. Right. So, there's no action on the deficiency by the borrower. Correct. There's no action on the deficiency. They have not taken any action on any deficiencies. But that is the point, though, is they took these properties, which we would contend are worth a whole lot more. This is a portfolio of properties. This isn't someone's house that got underwater in 08. This is a portfolio of properties for an investment. We did not know. It's undisputed that, look, we did not receive proper service of this case. We were not able to contest a foreclosure case as we typically would contest a case on the amount due and the actions on it, the record in the case reflects there was a receiver done, and we believe the, you know, there are issues with how the receiver handled the property and other merits issues that were never addressed, nor would they need to be addressed because they were voided. This is something that should have been addressed, and yet they were not because service was improper. There was no service. There was a default. No litigation on the merits. And the primary issue is that there is no case in Illinois that says you can take property from someone without having a judgment against them. The Dena case that we cite in our brief, it's a foregone conclusion. The court says we vacated the judgment of foreclosure and sale. So, of course, we have to vacate the sale. You can't sell someone's property pursuant to a judicial sale if you don't have a judgment against them. That defies common sense, and the Dena case is the closest case we're able to find on that issue, on the fact that you can't take property with someone pursuant to a judgment when you don't have a judgment against them. That's the problem here. Mr. Hyerly, excuse me. You indicated that when this came back from the Supreme Court that at least one, if not more, of the judges in the county when the case was being passed around indicated that the order was voidable, correct? Correct. Did any one of those judges ever have a hearing and make a finding that, in fact, the order was voidable? They found, Judge Nicholson said the order was voidable. There was never an evidentiary hearing on it. These were done as kind of motion-esque hearings, for lack of a better term. So, there was a motion to dismiss that was filed and briefed again, and that motion was eventually granted? The first motion to dismiss was denied. Okay, then it was refiled, and no restudicata issues, just refiled again. Something different alleged in the second motion to dismiss? Yes, Judge. The second motion to dismiss had some different aspects. I argued it was improper to file a second motion to dismiss on this. When the motion to dismiss had already been denied, this is motions ad infinitum. But the court allowed it, and the court heard it, and then that's what the court granted initially on August 7th, and then finally on October 4th. Real quick, just so we're clear. Yes. A court did declare, at least, or I suppose from the bench ordered that it was voidable, which is common sense. But what never happened, when an order's voidable, the next step is to decide, is it to be declared void or not? And that was the thing that was never done. It was never actually declared void or said, no, it's still legit and stays in place. That decision just never happened. That decision, absolutely. That's the final step. That's exactly what happened, and that's what remained to be determined. That's what I argued in response to the courts. I'd argue it throughout, but when the court said, what remains to be determined, I said, all right, you've stricken the money damages, fine, but we need to determine whether a voidable order is, in fact, void or not void. That is the next step, and that's the case law we provided. It's a void, this voidable order. Voidable is not an end state, right? It's a means to an end. Someone has to determine whether voidable means yes, that is void, or no, it is okay. It's not automatic. Yeah, yeah. Mr. Haberle, what order are you saying is voidable or that Ms. Nicholson, Judge Nicholson found was voidable? We're talking about the confirmation of sale. Confirmation of sale. That's the one order that was not determined void, that was determined voidable. We believe that should be determined voidable. I see my yellow lights on. I'd ask if I could save my time. You can continue until the red light at the intersection goes on. Okay, thank you. The voidable issue is, we're in the Schrodinger's cat situation, right, where we need to figure out is this thing void or not. That's where we are right now. That never happened. That should happen. Finally, on October 4th, the judge dismissed the case, and here is what the judge said in that. He said on that date, he found that the second motion to dismiss is further granted, and it is hereby ordered the petition is dismissed with prejudice. That's the final order in this case. We moved to reconsider and moved to amend our petition, asking, well, look, we'd like to vacate voidable orders too, because we were just trying to get a hearing on whether, in fact, the voidable order was void or not. This is where the bona fide purchaser issue comes in. No court ever got to it. The voidability analysis, whether it's a bona fide purchaser or not, that never happened in this case. We'd ask that this motion to dismiss be remanded, be overturned, that the case be remanded, and that the court be ordered to actually have a hearing and make a determination on whether, in fact, the order is voidable or not voidable. Thank you. Questions from the court? None. You know, one question. So with the damages provisions being stricken, does this turn this 1401 basically into a declaratory judgment action? No. So this is the city mortgage v. Sharlow case that we cite. Note, you can still go after the proceeds of sale. So we'd be able to go after the proceeds of sale in that argument. And, you know, essentially the bank could file, could claim we owe them money, but we could then claim, you know, in defense of the mismanagement of the property through the receivership, in this case, the selling of the property for insufficient value, all the normal things that you could contest in a foreclosure. But we can get the proceeds of sale, which we believe would, you know, which are, should be substantial as compared to the actual liability when accounting for the various misdeeds that the bank committed. So we're accepting Judge Nicholson's finding that it's a voidable order. It's not void. It is voidable, and it may or may not be void. No one has made that determination yet. We need a court to actually make that determination as whether it's void or not. Okay. Thank you. Thank you, Mr. Haberle. Any further questions from the bench? No. Okay. Ms. Carlock, you may respond. Yes, Your Honor. May it please the court. I do want to address this voidable issue first. And to begin with, there's absolutely no claim in the 2-1401 petition relating to anything being voidable. The word voidable is not even used in the 2-1401 petition. Likewise, there is no claim specifically related to the order confirming sale. Again, the order confirming sale words are not even in the 2-1401 petition. That has never, ever been an issue in this case. There's no decision anywhere, no order deciding anything about the order confirming sale. There is no order from Judge Kramer talking about the order confirming sale or making any decision. There is no order from the first judge we had in the case when she talked about it on the transcript, but no order was made. No finding was made. It's simply not an issue. It is a red herring to divert the court away from what this case is really about. There is no appeal that relates to an order on the order confirming sale. Excuse me, Ms. Karlock, what do you think happened on the Supreme Court? Yes, I think the Supreme Court reversed and remanded the case to do two things. Number one, to have the court vacate all void orders. And those were all orders dated before July 17, 2017. And what were those orders? What orders did those include then? Just everything except the order confirming sale. So, there was a deficiency judgment, went away. There was a judgment of foreclosure, went away. Everything went away but the order confirming sale. So, the second thing the Supreme Court did is they said that Moriarty entered an appearance before the order confirming sale was made on July 17, 2017. And when he... That was the date the order was entered, right? That was the date Mr. Moriarty appeared. He argued. He brought witnesses. They had a long hearing, Your Honor, and after which the court entered the order confirming sale. At that point, if Moriarty was unhappy with that order confirming sale, his remedy was to file an appeal. If that... Would you be here if he didn't show up? He did show up. He showed up. I'm asking you, would you be here if he didn't show up? You mean if he had not entered an appearance? Yeah, show up. Just, you know... If he had not entered... He walked into the courtroom here or there. Probably not, Your Honor, because then the court would not have had jurisdiction for that order. And the law is very clear that the only way there can be a void order is if there is no jurisdiction. That's it. That's what it means. So, because... So, it's not advised to show up. Perhaps. So, the other thing that I think we should talk about too is, okay, his remedy would be to appeal. His remedy could have been to stay in order in the trial court so that they couldn't sell the property, so that they couldn't do anything. He did none of those things. And so, he could... Oh, the trial judges also were, I must say, very kind to Mr. Moriarty. All of them kept trying to tell him over and over, you need to amend. How about this? It's voidable. You need to amend over and over. And he never did. In fact, he said specifically in writing, after the first judge granted him leave to amend his petition, that he didn't want to, did not want to. And that's in his reply. They decided instead they just wanted to rely on briefing. That's what they said. So, that's why we're really here, because he didn't do what he was supposed to do in order to protect himself over and over again. No appeal, no amendment, nothing. So, I think if we can end the voidable issue, unless there's more questions, I would like to talk about something else. The notice of appeal fixes the jurisdiction of this court. And there are only two orders identified, two orders identified, which would give this court jurisdiction, possibly. The October 4, 2023 order and the February 8, 2024 order. Neither of those orders are reviewable by this court. Either this court lacks jurisdiction to hear this appeal, or the law does not allow an appeal from those orders. And so, I'm going to try to be brief with the background, but I think that ultimately explains how we ended up here in this court with no jurisdiction. The trial court was supposed to do, as I said, only two things, vacate void orders, which happened, and give further consideration to the merits of the petition as written. And I do also want to say Moriarty did receive personal service. It's not that he didn't know about the lawsuit. He knew. He knew from the beginning. He just, the lawyer at the time, did not get a special order. And that's why the case was reversed, not because he wasn't actually served. So, after the vacating of the order in 2021, all the orders that were without jurisdiction, Moriarty made no appeal of that order. And he actually, under Rule 304B, had a limited time to appeal that order. If he thinks Judge Nicholson made a bad order, that was his opportunity to appeal, and he missed it. After vacating the void orders, we filed a second motion to strike and dismiss all claims. And the court granted that. There was nothing left in the petition after the August 7 order. It completely and finally adjudicated all claims between the parties. There was nothing left. So, the August 7 order must be the final order in this case, because after that entry, there was no claims, no controversy. Although limited briefing did occur, the judge specifically said at the hearing that his decision effectively and practically, and that's a quote, ended the case. He also said at the hearing, relating to the Judge 7 order, that he was not going to re-hear anything, he was not going to re-iterate anything, or re-litigate. Everything was done. Now, it turns out that Mr. Moriarty... The judge did more than that, didn't he? What's his thing about briefing, if that is, if you're... Yes, okay. At the hearing... I assume it is. What happened, what did this trial judge do then? So, what happened at the hearing, Moriarty's counsel, like today, argued, wait, there's more issues, Judge. It can't be the end. There's more. And the judge did a normal and logical thing. He said, all right, if you think there's still an issue, tell me what it is. But my order today, I think, practically and finally ends the case. So, he goes, sure, brief it. But I'm not going to re-litigate anything. How did he do that? That's not logical. Well, in a normal case, it certainly isn't logical. But we had been through four judges, I think, maybe six, before we got to this last guy. And he was like, okay, maybe I did miss something. Maybe I did. And in fact, he at first did miss something. He missed the docket entry, vacating the judgments. And he was worried that he still had to vacate them. But you're saying it's the end of the road. It's the end of the road by a judge who had no knowledge for the past seven years of what was going on. Okay, but he allowed resuscitation of the body. No, he did not. That's not what he intended to do, as we read the transcript. Nor did he. Because after that August 7 order, he didn't dismiss a single claim in this case. Not one. Not one. Whether he intended to or did not intend to. After the August 7 order, there was no remaining controversy between the parties. Period. Were there additional motions to dismiss filed after that order? No, ma'am. There were not. So, no one was asking him to dismiss anything after that anyway? No. What the August 7 order did was adjudicate all claims, but it also left pending the 2-1401 petition with no claims in it. Hollow. Empty. So, what do you do? Okay, I've dismissed all the claims, but I didn't actually dismiss the petition. So, the judge goes back in and he dismisses the petition. Why? Because as the order states, there's no further claims in the petition. I gotta dismiss it. And so, that is like a mysterial act or a non-discretionary act. There was nothing else the court could do. Are we in August or October? Now, we're in October. Because he asked for some briefing or something. He did. He said, I'll allow briefing. He did ask some briefing, essentially to confirm that there were no further issues. Is that resuscitation? It's not then dead? I don't think a judge can resuscitate a case by asking for a brief. Either a case is open or it's not. And by the time the August 7 order came about, whether he wanted a brief or not, all controversies had been decided. And under Rule 304, that order was immediately appealable. But turns out Moriarty never wanted to appeal the August 7 order. Never been appealed. It stands as law of the case today. So, even if this court were to remand this case back, reverse the October order, and remand it back, all the trial court could do is, again, dismiss the case. Because there's no other controversies between the party. It's all been decided. There's no controversy or dispute this court would undo if it vacated the October order. There's nothing left in the petition. It's all been decided by the August 7 order. Well, but you're also, I assume, are you claiming there'd be no jurisdiction? Absolutely. I'm saying there's no jurisdiction. I'm saying the October order is not a final order that is appealable to the Court of Appeals. But that the only order appealable would be the August order. Yes, I'm saying that. Absolutely. And the clock has run. Exactly. It's not only just run. He didn't appeal it, period. It's not that he appealed it too late. He didn't appeal it, period. Did you file a motion to dismiss the appeal? I, no. Instead, Your Honor, in my briefing, that was my first argument in the section that there's no jurisdiction by this court. No, my question was, did you file a motion to dismiss the appeal? No, I didn't file a motion. I filed a brief on it. I thought that I could. That's how I read the rule. I could do either or. There's also no way that this court could find that the October 4 order is an abuse of discretion or has an error in it if the court does have jurisdiction because it didn't decide any controversy in the petition. None. So all it did was dismiss an empty petition. And the record, by the way, is also insufficient to support a reversal of the October 4 order because we have no transcript in this appeal of the hearing on the second motion to dismiss. We have a transcript of the judge's decision later on, but we have no hearing for the court to review the second motion to dismiss. No hearing transcript was made and none is on appeal. There are just so many reasons, Your Honor, and set forth in the brief why there is no jurisdiction in this case. The second order that's appealed, and I just want to mention that briefly, the second order is a February 28 order, but that order is not in the record either. There are minutes of the case being called on a motion to reconsider, but according to the minutes, the motion was denied for reasons set forth on the record. Well, guess what? We don't have that record on appeal either. Nor do we have the record or transcript from the actual hearing on the motion to reconsider. So no order, no transcript from the hearing, and no transcript or record where the judge announced why he made his decision. That order, Your Honor, also, this court lacks jurisdiction to hear that order. There's nothing on file relating to it other than minutes. So the appellate court is also without jurisdiction there. Any questions from the court? None. I have none. None? Okay. Have you concluded? Yes, Your Honor. Thank you for your time and attention, all of you. Thank you for your argument. Mr. Haberle, you may reply. Yes, thank you, Your Honor. Just to be clear, what we asked for in the 1401 petition is to find the judgment of foreclosure, this is in paragraph 28, the judgment of foreclosure in sale, and all subsequent orders entered in the case are void. The order confirming sale was certainly a subsequent order to the judgment of foreclosure in sale. It was requested to be deemed void in the petition. That was part of the relief requested in the 1401. Again, no one has determined whether, in fact, that judgment, the order confirming sale, is void or not void. That has not happened. And to the extent there's any ambiguity in remarriage of hail provides that a 1401 must be construed broadly. On the jurisdictional issue, it's important to note that the October 7, 2023 order strikes two paragraphs. It strikes something. It does not dismiss anything. The dismissal actually happened on October 4 when the court dismissed the 1401 petition. The court has never made the actual determination whether the order confirming sale is void or voidable. It erroneously dismissed that part. That part was not stricken in the August order. And a final order, and this is the Board of Ed for Rockford case that we cited along with Verdung, all of those kind of foundational cases, on the fact that the final judgment fixes absolutely the rights of the parties. The judgment is final if it determines the litigation on the merits, with the only thing to precede is the execution of the judgment. The petition was not dismissed until October 4. That's the final order. There's no dispute that we filed a timely notice of appeal from that order with the reconsideration in there. On the issue of law of the case, the law of the case binds the trial court. This court has jurisdiction over predicate orders that result in the final order. And what we're really seeking review of is the October 4 order, which said there are no issues remaining. That's the wrong decision here. There were issues remaining. That issue was not decided until October 4. And as we noted in our brief on the issues remaining to be determined, that's the exact issue that we are seeking is for some courts to determine whether, in fact, this order confirming sale is void or it is proper. And no court has done that to this day, despite almost a decade after filing of this case, and now four years after the Supreme Court rendered its decision. Regarding the record, the Supreme Court was 2021. Oh, I thought I heard 40 years. Not that long, Your Honor. Thankfully, not for Mr. Moriarty. But four years, you know, 10 years is long enough since the foreclosure case was filed almost. So and then finally, I think on any issues on the record, this is de novo reveal, right? It's up to you to determine whether, in fact, you know, how you can have a judgment of that takes a person's property without any judgment against them. There's no case that says that the Dena case is the opposite. And yet no court has been willing to hold that hearing for my client on whether or not that is is a void order or not void order. And we'd have to remand and get Mr. Moriarty his day in court. Thank you. Any questions from the court? Just just one, because I'm looking at the council's brief that August 7th, 23 that council relies on. It's a dismissal on a 615, which are commonly not with prejudice. Did the court declare that with prejudice when it entered that? Or was the record silent on that? Or what was the actual order? It's not I don't have that in front of me. Let me pull up the the order. And I'm happy to give Miss Carlec the floor if she has the order right in front of her. I have the answer, but not the order. It does not say whether it is dismissed with prejudice or without. So the court will have to rely on. Is anything left? Is anything left after that? And of course, if nothing's left, there can be no de novo review because there's no ruling of law in the final or unfinal October order. Nothing to review there. He either dismissed it or didn't dismiss it. There's no law on that. It's not a legal issue. And the page in the brief is 1092 in the record. And what the order says, it just says to be clear, it doesn't dismiss anything. It says it is hereby ordered that paragraph 27 in the petition goes on is stricken and dismissed from the above reference to action pursuant to 615 because it fails to properly allege a claim from which relief can be granted. And then the portion of paragraph 28 stating, quote, and further award defendant compensatory damages, attorney's fees, cost and punitive damages for the wrongfully entered default judgment of foreclosure is stricken and dismissed from the case pursuant to 735 ILCS 5 slash 2615 because it fails to properly allege a claim on which relief can be granted. The parties will provide additional briefing about which issues, if any, remain for determination under the 1401. So it was striking, though, in dismissing those particular paragraphs, solely not dismissing the petition as a whole. Got it. Hence the problem. Thank you. They're in the record, both orders. They are. Yes. Very good. Any further questions? Well, thank you, counsel, both for your spirited argument in this matter. It will be taken under advisement. A written disposition shall issue.